**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDREW J. DERDIARIAN,

Plaintiff,

v. Case No.

R.J. KIELTY PLUMBING, AIR CONDITIONING AND ELECTRIC, INC.,

Defendant.
_______________________________________/

## COMPLAINT

Plaintiff, Andrew J. Derdiarian, complaining of Defendant, R.J. Kielty Plumbing, Air Conditioning and Electric, Inc., sues Defendant for unlawfully and maliciously terminating his employment in violation of state and federal rights, and seeks damages greater than $75,000. Plaintiff herein alleges and says:

## PARTIES

1. Plaintiff Andrew J. Derdiarian is an individual residing in Hernando County Florida.

2. Plaintiff was born on July 10, 1962, and was over forty years old throughout the events alleged in this Complaint.

3. Defendant R.J. Kielty Plumbing, Air Conditioning and Electric, Inc. ("Defendant" or "RJ Kielty") is a Florida corporation that conducts business in this

District, including at its principal place of business and corporate office located at 7979 Massachusetts Avenue, New Port Richey, Florida 34653.

4. Defendant may be served through its registered agent, Rodney Kielty at the corporate or principal place of business, or by any other method authorized by law.

5. At all times material, Defendant employed 201 or more employees and was an employer within the meaning of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Family and Medical Leave Act ("FMLA"), and the Florida Civil Rights Act ("FCRA").

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction over Plaintiff's ADA, ADEA, FMLA, and ERISA claims because they arise under federal law. 28 USCS § 1331.

7. This Court has exclusive jurisdiction over Plaintiff's ERISA claim because Plaintiff brings that claim as a participant seeking relief authorized under ERISA. 29 USCS § 1132 (2026).

8. This Court has supplemental jurisdiction over Plaintiff's FCRA claims because those claims arise from the same nucleus of operative facts as Plaintiff's federal claims. 28 USCS § 1367.

9. This Court has personal jurisdiction over Defendant because Defendant conducts business in Florida and the unlawful employment practices alleged in this Complaint occurred in this District.

10. Venue is proper in this District because Defendant resides or conducts business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. 28 USCS § 1391.

## FACTUAL ALLEGATIONS

11. Defendant hired Plaintiff on or about August 10, 2024, as a Comfort Advisor.

12. Plaintiff worked for Defendant at or from Defendant's business location in New Port Richey, Florida.

13. A Comfort Advisor is a sales position compensated through a base salary and commissions.

14. Plaintiff received a base salary of approximately $700 per week, plus commissions based upon sales.

15. Plaintiff was capable of performing the essential functions of his Comfort Advisor position and performed successfully before his medical condition substantially worsened.

16. Before his disabling medical conditions became severe, Plaintiff generated more than $500,000 in sales and was progressing toward $1 million in sales.

17. Beginning no later than the latter half of 2025, Plaintiff experienced severe medical conditions, including high blood pressure, fainting spells, dizziness, fatigue, rapid blood-sugar drops, and coronary artery disease involving an approximately 85 percent blockage on the left side of his heart.

18. Plaintiff's serious medical conditions impaired his cardiovascular function and substantially limited major life activities, including working and walking.

19. Plaintiff's medical condition required emergency medical care, cardiac catheterization, and placement of a cardiac stent on or about October 17, 2025; as of this date, Plaintiff had been employed with Defendant for more than 12 months.

20. Plaintiff missed work because of his serious health conditions and related treatment, and Defendant's management knew that Plaintiff's absences were attributable to his illness, disabling condition, medical treatment, and hospitalization.

21. Plaintiff communicated his medical condition and work absences to Defendant's management and provided medical documentation, including a physician's note sent by email on or about May 21, 2025.

22. Plaintiff was employed by Defendant for more than twelve months when he went out for surgery in October 2025, and he had worked at least 1,250 hours during the twelve months preceding this surgery for his disabling, serious health condition.

23. Effective August 2025, Defendant knew, or should have known, that Plaintiff's absences could qualify for protected leave under the FMLA, and that Plaintiff would be a covered employee.

24. Defendant did not provide Plaintiff with an FMLA eligibility notice, rights-and-responsibilities notice, designation notice, or an opportunity to have his qualifying absences protected as FMLA leave.

25. Instead, Defendant characterized Plaintiff's medical absences as unprotected unpaid time off and used those absences against him as reasons to terminate his employment.

26. After Plaintiff's cardiac procedure and medical clearance to return to work, Defendant substantially reduced the sales leads assigned to Plaintiff, providing Plaintiff only three sales calls during the month following his return.

27. Defendant's reduction of Plaintiff's sales leads reduced his opportunities to earn commissions and impaired his ability to meet Defendant's sales expectations.

28. Defendant's management knew of Plaintiff's heart condition, surgery, ongoing medical issues, and related work absences.

29. Defendant perceived Plaintiff as disabled or handicapped. Defendant's management expressed concern that Plaintiff could suffer a heart attack while driving a company vehicle.

30. On or about November 21, 2025, Defendant terminated Plaintiff's employment.

31. During the termination meeting, Plaintiff's manager, Tom Harper, told Plaintiff, and thereby made an admission, that Defendant was terminating him because of the "days you missed" and because Plaintiff had not sold anything in months.

32. Plaintiff explained that his absences were caused by his illness, disability, hospitalization, and medical treatment, but Mr. Harper dismissed Plaintiff's explanation and ended Plaintiff's employment.

33. Defendant used the absences caused by Plaintiff's serious health condition and disability as a motivating factor in its decision to terminate Plaintiff.

34. Defendant's stated reliance upon Plaintiff's sales performance was pretextual because Defendant materially reduced Plaintiff's sales opportunities immediately after his cardiac procedure and return to work.

35. Plaintiff had no history of disciplinary action, misconduct, or written warnings before Defendant's decision to terminate him, as known to Plaintiff.

36. Plaintiff was a participant in Defendant's employee welfare-benefit plans, including health, dental, vision, life, disability, accident, and critical-illness insurance benefits.

37. Defendant knew Plaintiff required continuing medical care and potentially would need short-term disability, long-term disability, health-insurance, and other employee benefits because of his serious heart condition.

38. Defendant terminated Plaintiff shortly after his cardiac procedure and during a period when he required continuing medical care and stood to use health-insurance and disability benefits.

39. Defendant's termination of Plaintiff ended or interfered with his access to employee benefits at the time he needed those benefits.

40. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") alleging disability and age discrimination.

41. The EEOC issued Plaintiff a Notice of Right to Sue dated August 28, 2026, advising Plaintiff that the EEOC would not proceed further with its investigation and that he could file a private action within ninety days after receipt of the notice.

42. Plaintiff received the EEOC's Notice of Right to Sue on September -2026, exhausting his administrative remedies.

43. All conditions precedent to Plaintiff's ADA, ADEA, and FCRA claims have been performed, have occurred, or have been satisfied, waived, or excused.

44. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained lost wages, lost commissions, lost benefits, loss of future earnings, emotional distress, humiliation, inconvenience, mental anguish, and other damages.

45. Plaintiff has been unemployed since the date of termination of his employment and has made good faith efforts to find work but to no avail.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12112

46. Plaintiff incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff had an actual disability because his serious heart condition and related impairments substantially limited one or more major life activities.

48. Alternatively, Defendant regarded Plaintiff as having a physical impairment and as disabled.

49. Plaintiff was a qualified individual who could perform the essential functions of his Comfort Advisor position, with or without reasonable accommodation.

50. Defendant knew of Plaintiff's disability, serious medical condition, cardiac procedure, hospitalization, and related absences.

51. Defendant subjected Plaintiff to adverse employment actions by reducing his sales leads, reducing his opportunities to earn commissions, and terminating his employment.

52. Defendant discriminated against Plaintiff because of his actual disability, record of disability, and perceived disability.

53. Defendant's conduct was intentional, willful, malicious, and undertaken with reckless indifference to Plaintiff's federally protected rights.

## COUNT II
## DISABILITY OR HANDICAP DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, FLA. STAT. § 760.10

54. Plaintiff incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

55. Plaintiff had a disability or handicap because his serious heart condition and related impairments substantially limited major life activities.

56. Alternatively, Defendant regarded Plaintiff as disabled or handicapped.

57. Plaintiff was qualified to perform the essential functions of his Comfort Advisor position.

58. Defendant discriminated against Plaintiff because of his actual, recorded, or perceived disability or handicap by reducing his sales opportunities and terminating his employment.

59. Defendant's conduct was intentional, willful, malicious, and undertaken with reckless indifference to Plaintiff's rights under the FCRA.

**COUNT III**
**AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 623**

60. Plaintiff incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

61. Plaintiff was at least forty years old at all times material to this action.

62. Plaintiff was qualified for his Comfort Advisor position and had demonstrated his ability to perform successfully through his substantial sales performance.

63. Defendant subjected Plaintiff to adverse employment actions, including reduction of sales opportunities and termination of employment.

64. Plaintiff's age was the but-for cause of Defendant's decision to terminate his employment.

65. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA.

**COUNT IV**
**AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, FLA. STAT. § 760.10**

66. Plaintiff incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

67. Plaintiff was sixty-three years old when Defendant terminated his employment.

68. Plaintiff was qualified for his position and capable of performing its essential functions.

69. Defendant reduced Plaintiff's sales opportunities and terminated Plaintiff because of his age.

70. Defendant's age discrimination violated the FCRA.

**COUNT V**
**FMLA INTERFERENCE, 29 U.S.C. § 2615(a)(1)**

71. Plaintiff incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

72. Plaintiff was an eligible employee under the FMLA, and Defendant was an employer covered by the FMLA.

73. Plaintiff suffered from serious health conditions that made him unable to perform the functions of his position and entitled him to FMLA leave.

74. Defendant had notice of facts sufficient to inform it that Plaintiff's absences could qualify for FMLA protection.

75. Defendant interfered with, restrained, and denied Plaintiff's exercise of FMLA rights by failing to provide required FMLA notices, failing to designate qualifying absences as FMLA leave, failing to protect Plaintiff's qualifying leave, and terminating Plaintiff based upon his medical absences.

76. Defendant's interference caused Plaintiff to lose wages, commissions, benefits, and other compensation and benefits of employment.

77. Defendant's violation was willful and not made in good faith.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Andrew J. Derdiarian respectfully requests that the Court enter judgment in his favor and against Defendant and award the following relief:

A. A declaration that Defendant violated the ADA, ADEA, FMLA, and FCRA;

B. Reinstatement to Plaintiff's former position or a substantially equivalent position, with restoration of seniority, benefits, commissions, and other employment rights;

C. Alternatively, front pay for two years in lieu of reinstatement;

D. Back pay through the date of trial, including lost base wages, commissions, employment benefits, retirement contributions, and all other compensation;

E. Compensatory damages, including damages for emotional distress, humiliation, inconvenience, mental anguish, and loss of enjoyment of life, to the maximum extent authorized by law;

F. Punitive damages under the ADA and FCRA to the maximum extent authorized by law;

G. Liquidated damages under the FMLA to the maximum extent authorized by law;

H. Prejudgment and post-judgment interest as permitted by law;

I. Reasonable attorney's fees, litigation expenses, and costs as permitted by the state and federal acts and laws Defendant is found liable of violating;

K. Such other and further legal or equitable relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all claims and issues so triable.

Respectfully submitted September 23, 2026 by,

*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Florida Bar No.: 0080349
Feldman Legal Group
12610 Race Track Road, Ste. 225
Tampa, FL 33626
Telephone: (813) 639-9366
Fax: (813) 639-9376
mfeldman@flandgatrialattorneys.com
*Lead Attorney for Plaintiff*